UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-384-RJC
(3:10-cr-183-RJC-1)

| STEVEN PINKNEY, | ) |
| --- | --- |
|  | ) |
| Petitioner, | ) |
|  | ) |
| v. | ) |
|  | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Respondent. | ) |
|  | ) |

**THIS MATTER** is before the Court upon initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court "must promptly examine [the motion]. If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the movant is not entitled to relief" the Court must dismiss the motion. The Court has conducted this initial review and concludes that the movant is not entitled to the relief he is seeking and his motion must be denied and dismissed. Accordingly, no response is necessary from the United States.

**I.   BACKGROUND**

On August 18, 2010, Petitioner was named in an indictment, returned by the grand jury sitting in the Western District, with one count of conspiring with others to possess with intent to distribute a mixture and substance of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The offense was alleged to have involved more than 50 grams of cocaine base, or "crack cocaine." (Case No. 3:10-cr-183, Doc. No. 1). On August 20, 2010, Petitioner appeared before United

1

States Magistrate Judge David Keesler and was advised of his rights and the charge in the indictment. Petitioner moved for and was appointed counsel and thereafter appeared with counsel for his arraignment and he entered a plea of not guilty. On October 4, 2010, Respondent filed notice pursuant to 21 U.S.C. § 851 of intention to seek enhanced penalties based on a previous felony drug conviction sustained by Petitioner in the State of South Carolina on October 19, 1993. (Case No. 3:10-cr-183, Doc. No. 7).

On December 21, 2010, Petitioner entered into a plea agreement with Respondent. (Case No. 3:10-cr-183, Doc. No. 13: Plea Agreement). In the plea agreement, Petitioner agreed to plead guilty to the one count in the indictment in return for Respondent's agreement to withdraw the Section 851 enhancement. (Id. at 1). Petitioner agreed that he was aware that the statutory minimum and maximum sentences for conviction of count one was a minimum term of ten (10) years imprisonment and a maximum term of life imprisonment. (Id. at 2 ¶ 4). Among other things, Petitioner expressly waived his right to collaterally attack his conviction or sentence except on the grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct. (Id. at 5 ¶¶ 18-19).

On December 22, 2010, following the standard, thorough Rule 11 colloquy, the magistrate judge accepted Petitioner's plea of guilty. (Case No. 3:10-cr-183, Doc. No. 14: Acceptance and Entry of Guilty Plea). Petitioner expressly stated that he was satisfied with the services of his attorney and that he was pleading guilty to count one of the indictment because he was in fact guilty. Petitioner freely acknowledged that he understood the minimum and maximum penalties he faced if convicted.

On September 28, 2011, Petitioner appeared with counsel before the Court for his sentencing hearing. The Court confirmed with Petitioner that he had appeared before the

magistrate judge and entered a knowing and voluntary plea of guilty while under oath, and that the answers he had given the magistrate judge were true. Petitioner's counsel stipulated that there was a factual basis to support his guilty plea and that the Court could rely on the offense conduct as set forth in the PSR. Petitioner acknowledged to the Court that he had reviewed the PSR with his counsel and that he understood its contents. Petitioner filed no objections to the PSR.

The Court granted the government's motion for reduction based on Petitioner's substantial assistance pursuant to 18 U.S.C. § 3553(e). (Case No. 3:10-cr-183, Doc. No. 22: Judgment in a Criminal Case, at 1). The Court observed that the government's motion brought Petitioner's guideline range below 120-months, and after sentencing Petitioner to an active prison term of sixty (60) months, the Court further observed that he was receiving a sentence which was substantially lower than most of the other indicted, co-conspirators. During allocution, Petitioner apologized to his family for his criminal behavior and asked the Court for forgiveness. Petitioner did not raise any issues of ineffective assistance of counsel during his sentencing hearing.

Petitioner did not file an appeal from his sentence or conviction, rather, Petitioner filed the present Section 2255 motion. Therein, Petitioner maintains that he received constitutionally defective assistance of counsel. Petitioner states that "counsel provided little if any assistance in his case and that if not for counsel's lack of defense he would have received a shorter sentence." (3:12-cv-384, Doc. No. 1). The import of Petitioner's argument is that his counsel failed to conduct a meaningful investigation into the government's case prior to Petitioner's entry of a guilty plea. Petitioner argues his counsel should have uncovered the "discrepancies in the case" and should have prepared a proper defense. Petitioner also contends his counsel failed to

3

properly advise him of the correct sentencing guidelines, and counsel was ineffective for failing to object to his prior criminal history, including the use of a prior conviction for which Petitioner had recently been pardoned. (Id. at 1-2).

## II. DISCUSSION

On the whole, Petitioner's arguments are conclusory and wholly unsupported by the record. For instance, Petitioner contends his counsel was ineffective for failing to object to the use of a prior conviction for which Petitioner had recently been pardoned. Contrary to Petitioner's contentions, Petitioner's counsel did address the issue of the South Carolina pardon of prior criminal offenses, a pardon that was granted on the very day on which Petitioner was indicted for the offenses charged in his indictment. This pardoned offense did not affect the calculation of Petitioner's sentence; thus argument is without merit.

Petitioner's argument really is an attack on his conviction and sentence, and a belated expression of his regret that he entered a knowing and voluntary plea of guilty. While Petitioner contends his counsel failed to investigate, or proffer defenses, or failed to secure for him a lesser sentence, the record does not support these contentions. The record shows that with the Section 851 enhancement, Petitioner was facing a mandatory minimum term of 240-months. Instead, while represented by counsel, Petitioner was able to enter into the plea agreement and ensure that the enhancement would be withdrawn. Additionally, as the Court observed during his sentencing hearing, Petitioner received an active prison term which was substantially less than many of the others who participated in the drug trafficking conspiracy.

Petitioner does not claim that his counsel was ineffective for failing to object to the offense conduct in the PSR, and this conduct demonstrates an overwhelming case of his guilt. Petitioner's claims that further investigation of facts and proper defenses would have resulted in

4

a lower sentence fall flat in light of the seriousness of the offense conduct. This attack on his conviction and sentence is an attack which Petitioner should be precluded from making in this collateral action based on knowingly and voluntarily entering into the plea agreement with the government which waived such attacks. (3:10-cr-183, Doc. 13 at 5 ¶¶ 18-19).

Petitioner is proceeding pro se in this matter and therefore, the Court will consider his claims under the "heading" of ineffective assistance of counsel. Put simply, Petitioner's plea of guilty dooms his claims of ineffective assistance of counsel. Petitioner was placed under oath during his Rule 11 hearing and answered detailed questions from the magistrate judge. Petitioner solemnly acknowledged that he understood the minimum and maximum penalties, including the possible terms of incarceration, that he was satisfied with the services of his attorney, even acknowledging that he believed his attorney had done well for him. Finally, Petitioner acknowledged that he was pleading guilty to the one count in his indictment because he was in fact guilty of the offense.

A defendant is free to chose to enter a guilty plea and that plea will be upheld so long as it is deemed knowing and voluntary. "[T]he guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Lemaster, 403 F.3d at 219-20 (quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977) ). "The advantages of plea bargains 'can be secured, however, only if dispositions by guilty plea are accorded a great measure of finality.'" Id. A defendant's sworn statements given in open court during a Rule 11 hearing carry a strong presumption of truth and represent "a formidable barrier in any subsequent collateral proceeding." Blackledge, 431 U.S. at 74. "To adopt a more lenient approach and 'allow indiscriminate hearings in federal post-conviction proceedings . . . would eliminate the chief virtues of the plea system-speed,

economy, and finality.'" United States v. White, 366 F.3d 291, 295-96 (4th Cir. 2004) (citing Blackledge, at 71).

Counsel is presumed to be competent and able to render able advice to a defendant prior to an entry of a guilty plea. A petitioner pursuing collateral relief bears a heavy burden to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). In Petitioner's case, where he has entered a guilty plea, he faces an even tougher burden of proving ineffective assistance of counsel. Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). Petitioner faces the additional burden of proving that if not for his counsel's errors, he would have in fact received a lesser sentence. See Buckner v. Polk, 453 F.3d 195, 201-208 (4th Cir. 2006). Petitioner cannot meet this heavy burden. As noted herein, Petitioner's counsel worked with the government to secure the withdrawal of the Section 851 enhancement which reduced his possible sentence from a minimum 240-months, to a minimum, guideline range of 120-months. (3:10-cr-183, Doc. 17: PSR, at 10). Petitioner's counsel further worked with the government to secure the substantial assistance reduction which reduced his sentence well below the 120-months guidelines range. (Doc. No. 22: Judgment, at 2). Moreover, the information contained in the PSR presented overwhelming evidence of Petitioner's guilty. Petitioner cannot convince this Court that he would have bypassed the opportunity to reduce his maximum sentence of 240-months in favor of proceeding to trial in a case in which, according to his sworn statements during the Rule 11 hearing and the factual information contained in his PSR, evidence of his guilt appeared overwhelming.

The chief virtue of the properly administered Rule 11 hearing is finality for all

concerned: the government, the court, the public, and the defendant. The Court has examined the Rule 11 colloquy, and the Acceptance and Entry of Guilty Plea, and the Court recalls Petitioner's statements in open court during his sentencing hearing, and again concludes that Petitioner entered a knowing and voluntary plea of guilty to the charge in the indictment. His self-serving statements in his Section 2255 motion will not be allowed to undermine the solemn, sworn declarations he made during his Rule 11 hearing. Accordingly, based on his declarations, the Court finds his claims for ineffective assistance of counsel are without merit as each claim is terminally at odds with his previously given sworn statements of record.

### III.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct under 28 U.S.C. § 2255, (3:12-cv-384, Doc. No. 1), is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 6, 2012

*[signature]*

Robert J. Conrad, Jr.
Chief United States District Judge